UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FASHONNUS FOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1020 |
| | ) | |
| BANTRY GROUP, d/b/a | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., ANDREW TILDEN, M.D., | ) | |
| And TERRY ARROYO, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH**, **U.S. DISTRICT JUDGE.**

Plaintiff, proceeding pro se and incarcerated in Pontiac Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that, in July of 2014, he requested another set of impressions for dentures because his prior set of dentures had been damaged. The request was approved by Wexford Health

Sources, Inc., but on the condition that Plaintiff pay the "lab cost." Plaintiff does not say how much the lab cost is or whether he has money in his account to pay the cost.[1] He alleges that Wexford Health Sources, Inc., is required to provide one free set of impressions to inmates every five years. He alleges that, without his dentures, he is experiencing "an inability to properly chew" and "severe painful cuts to gums; severe stomach cramps; constipation; severe pain passing hard stool." (Complaint, pp. 7-8.)

The need for dentures can be a serious need. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001)(dental care is one of the most important medical needs of inmates.")(inmate's allegations that he could not chew without his dentures and suffered bleeding, headaches, and disfigurement stated claim). However, the Constitution does not forbid requiring an inmate to share in the costs of treatment if the inmate has the ability to share in that cost. That Wexford may be contractually obligated to provide free impressions at certain intervals does not mean that Wexford is constitutionally obligated to so.

---

[1] *Alvarado v. IDOC, et al.*, 2014 WL 3725336 (S.D. Ill)(not published in F.Supp.), involves similar allegations. According to the Complaint in *Alvarado*, the lab fee is $250 for inmates who enter IDOC without dentures. Plaintiff's trust fund ledger filed in this case indicates that he receives a monthly payroll amount of about $30.00 and that he received gifts from a relative totaling about $180.00 from July to October of 2014.

At this point the Court will interpret Plaintiff's allegations liberally: Plaintiff is unable to pay the lab cost, and, because of that inability to pay, is unable to have his serious dental needs met. These allegations state a plausible Eighth Amendment claim for deliberate indifference to Plaintiff's serious dental needs. All three Defendants are alleged to have participated in enforcing the payment policy, so all three Defendants remain in the case for now. The claim against Dr. Tilden is construed against him in an individual and official capacity, to the extent Plaintiff seeks injunctive relief.

Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act will be dismissed. These Acts cover disability discrimination, not the failure to provide proper medical care. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)(Americans with Disabilities Act "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."). Additionally, Plaintiff's conclusory allegations of "failure to train or supervise" do not state a claim. According to Plaintiff's own allegations, the reason he does not have dentures is the payment policy, not a failure to train or supervise.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious need for dentures. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act are dismissed.

3) Plaintiff's claims for the failure to train or supervise are dismissed.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

      8)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: June 1, 2015

FOR THE COURT:

                                     **s/Sue E. Myerscough**
                                     SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE